UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:24-cv-05312-WLH-MAA | Date | October 1, 2024 |
|---|---|---|---|
| Title | Silvia Galustian v. BMW Financial Services NA, LLC, et al. | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge |
|---|---|
| Patrica Kim | None |
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND TO THE SUPERIOR COURT OF CALIFORNIA [14]**

The Court is in receipt of Plaintiff's Motion to Remand to the Superior Court of California (Mot. to Remand, Docket No. 14), as well as Defendant's Opposition (Opp'n, Docket No. 23) and Plaintiff's Reply (Reply, Docket No. 24). No party filed a written request for oral argument stating that an attorney with five years or less of experience would be arguing the matter. (See Standing Order, Docket No. 22 at 16). Further, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for October 4, 2024, is **VACATED**, and the matter taken off calendar. For the reasons set forth below, Plaintiff's Motion to Remand is **DENIED**.

I.   BACKGROUND

   A.   **Factual Background**

Plaintiff Silvia Galustian ("Galustian") alleges that, on September 14, 2020, she entered into a lease with Finchey Corporation of California d/b/a Pacific BMW ("Pacific BMW"), a dealership located in Glendale, CA, for a 2020 BMW M4 Coupe ("Subject

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Vehicle"). (First Am. Compl. ¶ 12, Docket No. 31). The terms of the associated lease were devised and drafted by Defendant BMW Financial Services ("BMW FS"). (*Id.* ¶ 66). On August 22, 2021, the Subject Vehicle was involved in an accident, and Plaintiff's insurance company, Wawanesa General Insurance Company ("Wawanesa"), deemed the Subject Vehicle a total loss. (*Id*. ¶¶ 14-15). On August 2, 2023, Wawanesa determined that the insurance payout was $88,815.10, which was $22,610.22 more than the Adjusted Lease Balance due under the Lease Agreement. (*Id.* ¶¶ 15-17). Plaintiff alleges that BMW FS wrongfully collected the full total loss amount from Wawanesa and failed to remit the alleged "equity" – *i.e.*, the difference between the total loss amount and the Adjusted Lease Balance – that Plaintiff was entitled to recover. (*Id.* ¶¶ 16-17).

**B.    Procedural Background**

On September 12, 2023, Plaintiff, a California Resident, filed a Complaint against BMW FS, a Delaware Limited Liability Company, and Pacific BMW, a California Stock Corporation, asserting claims for: (1) fraud and deceit; (2) breach of implied covenant of good faith and fair dealing; (3) violation of Business and Professions Code §§ 17200, et seq.; (4) violation of Business and Professions Code §§ 17500, et seq.; and (5) violation of the California Consumer Legal Remedies Act. (Compl. ¶¶ 1-3, 59–140). Plaintiff expressly requested, *inter alia*, $226,723.03 in damages – which included actual damages of $22,610,22, punitive damages of $203,491.98 and costs of $620.83 – as well as attorneys' fees at a rate of $750.00 per hour. (*Id*. at 37; Plaintiff's Statement of Damages at 2, Docket No. 1-1 at 80). On May 30, 2024, Plaintiff voluntarily requested that Defendant Pacific BMW be dismissed from the instant action, making the case removable. (Exh. D, Docket No. 1-4). On June 24, 2024, BMW FS filed a Notice of Removal, claiming that the Court had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

On July 22, 2024, Plaintiff subsequently filed a unilateral Request to Dismiss the Cause of Action for Fraud and Deceit and to Strike Punitive Damages. (Docket No. 12). This Court denied that request on July 26, 2024, citing to the lack of stipulation of dismissal signed by all parties who had appeared. (Docket No. 20); *see* F. R. Civ. P 41(a)(1)(A)(ii). This Court granted leave to amend the complaint on September 13, 2024 (Docket No. 30), and Plaintiff filed a First Amended Complaint on September 16, 2024. (Docket No. 31). The First Amended Complaint contained no cause of action for fraud and deceit and reduced the request for damages to $23,231.05. (First Am. Compl. at 22).

## II. DISCUSSION

### A. Legal Standard

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 if the parties to the action are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The defendant removing the case to federal court bears the burden of establishing the jurisdictional facts. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 682–83 (9th Cir. 2006). Courts must "strictly construe the removal statute against removal jurisdiction," and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992) (quoting *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). It is undisputed that the parties are completely diverse. Plaintiff, instead, contends that the amount in controversy is not met, asserting that "Plaintiff's realistic amount of recovery in this action for damages is $22,610.22" now that Plaintiff has removed the fraud and deceit cause of action and the request for punitive damages. (Mot. to Remand Mem. of P. & A. at 12, Docket No. 14-2). The Court disagrees.

"[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

is victorious." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414–15 (9th Cir. 2018). This includes punitive damages and attorneys' fees. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). If the complaint affirmatively demands an amount in controversy greater than $75,000, the jurisdictional threshold is "presumptively satisfied[,]" and "the sum claimed by the plaintiff controls if the claim is apparently made in good faith" unless "from the *face of the pleadings*, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed . . . ." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–89 (1938) (emphasis added).

    **B.**    <u>Analysis</u>

Plaintiff's Complaint that existed at the time of removal explicitly sought $226,723.03 in damages (Compl. at 37; Plaintiff's Statement of Damages at 2, Docket No. 1-1 at 80). Accordingly, the amount-in-controversy was "presumptively satisfied." Even though Plaintiff has subsequently removed the fraud and deceit cause of action, as well as the request for punitive damages, Plaintiff's post-removal amendments are irrelevant for the purpose of determining whether removal is proper. *See Chavez*, 888 F.3d at 414 ("Likewise, when the amount in controversy is satisfied at removal, any subsequent amendment to the complaint or partial dismissal that decreases the amount in controversy below the jurisdictional threshold does not oust the federal court of jurisdiction."). There is no indication that Plaintiff's initial claim for fraud and deceit or request for punitive damages were not made in good faith. This compels the Court to conclude that it has diversity jurisdiction and that BMW FS properly removed this action.

To the extent Plaintiff has now determined that she does not wish to pursue any claim that would cause this action to meet the amount-in-controversy threshold for this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

Court's jurisdiction, she may seek to dismiss and re-file a more limited complaint in state court, to the extent that course of action remains available to her.

Alternatively, the Court **ORDERS** the parties to meet and confer about stipulating to a cap on Plaintiff's recovery and to remanding this action. By 30 days from now, the parties must file a Stipulation and Order to that effect, or a Joint Report explaining the status of a trial in this matter.

### III.  CONCLUSION

For the forgoing reasons, Plaintiff's Motion to Remand is **DENIED**.

**IT IS SO ORDERED.**